# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11440
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2019

Lyle W. Cayce
Clerk

Consolidated with 18-11442

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER BENJAMIN BLANTON,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-225-1
USDC No. 4:15-CR-53-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Christopher Benjamin Blanton, who had been convicted previously of possession of a firearm by a felon and conspiracy to commit burglary, violated the terms of his supervised release by, among other things, failing to seek mental health treatment and obtaining codeine through a fraudulent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11440
c/w No. 18-11442

prescription.  The district court revoked his terms of supervised release and sentenced him above the guidelines ranges of 5 to 11 months of imprisonment to consecutive terms of 18 months of imprisonment.  Blanton appeals the sentences imposed by the district court.

Revocation sentences are generally reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard.  *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  Under this standard, "we evaluate whether the district court procedurally erred before we consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  *Id*. (internal quotation marks and citation omitted).

Blanton argues that the district court imposed procedurally unreasonable sentences because it offered an inadequate explanation for imposing the sentences.  However, after hearing arguments and considering the evidence introduced at the sentencing hearing, the district court stated that the guidelines range was inadequate and explained that the sentences would protect the public and deter Blanton from further criminal activity.  It emphasized the history and characteristics of Blanton, specifically his continued use of illegal controlled substances.  The district court stated its consideration of the policy statements in Chapter Seven of the Sentencing Guidelines.  Therefore, the district court considered the 18 U.S.C. § 3553(a) sentencing factors and sufficiently explained its reasons for imposing the consecutive 18-month sentences.  *See Rita v. United States*, 551 U.S. 338, 356-57 (2007); *United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009).

In addition, Blanton argues that the district court imposed substantively unreasonable sentences.  He asserts that the sentences: (1) fail to account for his addiction and availability of drug abuse treatment as an alternative to

2

No. 18-11440
c/w No. 18-11442

incarceration; (2) erroneously relied on his need for rehabilitation; and (3) represent a clear error in the balancing of sentencing factors.

The district court acknowledged Blanton's addiction to controlled substances at the sentencing hearing but nevertheless emphasized that the sentences were necessary to address his history and characteristics, protect the public, and deter him from further criminal activity. In addition, the district court did not rely on Blanton's need for rehabilitation when sentencing him. In fact, it acknowledged that reliance on such a factor was impermissible. *See Tapia v. United States*, 564 U.S. 319, 335 (2011). Finally, in light of the district court's consideration of the arguments, evidence, and Chapter Seven policy statements, Blanton has not shown that the district court erred in its balancing of sentencing factors.

Blanton has not demonstrated that the district court failed to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Thus, he has failed to show that his sentences are substantively unreasonable. *See id*.

The judgments of the district court are AFFIRMED.